# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| CHARLES ROBERT WILEY, | § § § | |
| | § | CIVIL ACTION NO. 5:17-CV-00088-RWS |
| v. | § § § | |
| TEXAS BOARD OF PARDONS & PAROLES, | § § § § § | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Petitioner Charles Robert Wiley, a former prisoner, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered that this matter be referred to the United States Magistrate Judge for consideration pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On November 2, 2017, the Magistrate Judge recommended dismissing this petition without prejudice. Docket No. 6. At that time, a copy of the Report and Recommendation was mailed to the petitioner at his last known address, and Petitioner did not acknowledge receipt of the Report and Recommendation or file objections. Because it was unclear whether the petitioner received the Report and Recommendation, a second copy was mailed to him on January 24, 2018, which Petitioner acknowledged the receipt of. Docket No. 7. The undated acknowledgment was received by the Court on February 12, 2018. *Id*.

Petitioner did not file objections to the Report and Recommendation; therefore, this Court reviews the Report and Recommendation for clear error. *Rodriguez v. Bowen*, 857 F.2d 275,

276-77 (5th Cir. 1988). Upon review of the Magistrate Judge's Report, the Court agrees with the Magistrate Judge that the instant action should be dismissed without prejudice because Petitioner is not incarcerated, he did not seek early release from prison, and Petitioner's claims are not cognizable in a federal habeas petition. Accordingly, the Magistrate Judge's Report is **ADOPTED** as the opinion of the Court and this petition is **DISMISSED WITHOUT PREJUDICE**.

Additionally, the Court finds that Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–281 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, Petitioner has not shown that the issues raised by his claims are subject to debate among jurists of reason, and the questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**So ORDERED and SIGNED this 12th day of March, 2018.**

*[signature: Robert W Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE